UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEREMY GRANT,

                Petitioner,

vs.                                    Case No. 2:06-cv-250-FtM-29DNF

SECRETARY, DOC,

                Respondent.
_____

**OPINION AND ORDER**

**I.**

Petitioner Jeremy Grant (hereinafter "Petitioner" or "Grant"), who is proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus and supporting Memorandum of Law (Docs. #1, Petition; #2, Memo) pursuant to 28 U.S.C. § 2254 on April 21, 2006.[1] Petitioner challenges his state court judgment of conviction of Throwing a Deadly Missile entered in the Twentieth Judicial Circuit Court, Lee County, Florida. Petition at 1. In compliance with this Court's Order, Respondent filed a Response (Doc. #17; Response), submitting numerous exhibits, including the post-conviction motions filed by Petitioner and the transcripts from Petitioner's state court proceedings. See Doc. #17; Exhs. 1-32. Petitioner filed a Reply to the Response (Doc. #23, Reply) and

---

[1] The Court "applies the mailbox rule and refer[s] to the date [petitioner] signed his motions or petitions and submitted them to prison authorities." Cramer v. Sec'y Dep't of Corr., 461 F.3d 1380, 1381 n.1 (11th Cir. 2006). In this case, Petitioner signed his habeas on April 21, 2006. The Petition was filed on May 18, 2006.

one duplicative exhibit (Doc. #23-2) consisting of an order, dated June 16, 2005, from the appellate court. This matter is ripe for review.

## II.

Petitioner was charged by Information with one count of Throwing a Deadly Missile into a vehicle, pursuant to Florida Statute § 790.19. Exh. 10 at 1. Petitioner proceeded to a jury trial on April 23-24, 2002, Exh. 1, and the jury returned a guilty verdict. Exh. 10 at 14. In August 2002, the trial court sentenced Petitioner as a prison releasee reoffender to fifteen years incarceration. Id. at 17-18.

Petitioner, through appointed counsel, filed a direct appeal raising two issues of trial court error in his initial brief: whether the trial court erred in denying the motion for mistrial due to improper closing argument, and whether the trial court erred in sentencing Petitioner as a prison releasee reoffender. Exh. 2. The State filed an answer brief. Exh. 3. Appellate counsel for Petitioner filed a Notice of Supplemental Authority. Exh. 4. The appellate court entered an order *per curiam* affirming the trial court. Exh. 5. Petitioner moved for rehearing, which the appellate court denied. Exhs. 6, 7.

Petitioner then filed a *pro se* motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (hereinafter "Rule 3.850 Motion"). Exh. 8. Petitioner raised two

grounds: (1) ineffective assistance of trial counsel for failing to object to jury instructions; and, (2) an erroneous verdict form and trial court error which allegedly convicted him of a crime not charged. Exh. 9. The State filed a response opposing the Rule 3.850 motion. Exh. 10. Petitioner filed a reply. Exh. 11. The post-conviction court denied Petitioner relief on both claims. Exh. 12. Petitioner appealed the post-conviction court's denial. Exh. 13. The appellate court *per curiam* affirmed the post-conviction court's decision. Exh. 14.

Petitioner then initiated a *pro se* state petition for writ of habeas corpus before the state appellate court raising the claim raised *sub judice*. Exh. 16. Petitioner alleged one ground of ineffective assistance of appellate counsel for failing to argue on direct appeal that the trial court committed fundamental error by giving an improper jury instruction. Id. Specifically, Petitioner alleged that the trial court committed fundamental error by instructing the jury on both justifiable use of force and non-deadly force. Id. at 3. The appellate court entered an order treating the petition for writ of habeas corpus as a petition alleging ineffective assistance of appellate counsel and directed the State to respond. Exh. 17. The State filed a response. Exh. 18. Petitioner filed a reply. Exh. 19. The appellate court entered an order denying Petitioner relief on this claim. Exh. 20. Petitioner moved for rehearing, which the appellate court denied.

Exh. 21. Petitioner then filed a petition before the Florida Supreme Court, which was dismissed for lack of jurisdiction. Exh. 23.

Thereafter, Petitioner filed a *pro se* motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) (hereinafter "Rule 3.800 Motion"). The State filed a response to Petitioner's Rule 3.800(a) Motion in compliance with the postconviction court's order. Exhs. 25, 26. The postconviction court entered an order denying Petitioner's motion. Exh. 27. Petitioner appealed the order of denial, and the appellate court *per curiam* affirmed the postconviction court's order. Exhs. 28-29, 30. Petitioner then initiated this federal case, proceeding *pro se*, by filing his Petition alleging the same ground of ineffective assistance of appellate counsel as raised in his State habeas. See Petition.

### III. Applicable § 2254 Law

Post-AEDPA law governs this action. Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007). The AEDPA imposes a one-year statute of limitations on § 2254 actions. 28 U.S.C. § 2244(d). Respondent concedes that the Petition is timely, Response at 8, and the Court agrees.

A federal court may entertain an application for a writ of habeas corpus from a state prisoner who claims his custody violates

the "Constitution or the laws or treaties of the United States." 28 U.S.C. § 2254(a). Questions of state law are generally insufficient to warrant review or relief by a federal court under § 2254. Estelle v. McGuire, 502 U.S. 62, 68 (1991); Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983); Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000). Questions of state law are only reviewed to determine whether the alleged errors rendered "the entire trial fundamentally unfair." Carrizales, 699 F.2d at 1055.

Where a petitioner's claim raises a federal question that was adjudicated on the merits in the state courts, the federal court must afford a high level of deference to the state court's decision. See Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). See Brown v. Payton, 544 U.S. 133, 141 (2005); Price v. Vincent, 538 U.S. 634, 638-39 (2003). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants

deference.  Ferguson, 527 F.3d at 1146; Wright v. Sec'y Dep't of Corr., 278 F.3d 1245, 1253-54 (11th Cir. 2002).  See also Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision.  Carey v. Musladin, 549 U.S. 70, 74 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). In cases where nothing in the Supreme Court's jurisprudence addresses the issue on point or the precedent is ambiguous and gives no clear answer to the question, it cannot be said that the state court's conclusion is contrary to, or constitutes an unreasonable application of, "clearly established Federal law." Wright v. Van Patten, 128 S. Ct. 743, 747 (2008); Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003).

A state court decision can be deemed "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is "materially indistinguishable" from those in a decision of the Supreme Court and yet arrives at a different result.  Brown, 544 U.S. at 141; Mitchell, 540 U.S. at 15-16.  Further, it is not mandatory for a state court decision to cite, or even to be aware of, the relevant

Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them." Early v. Parker, 537 U.S. 3, 8 (2002); Mitchell, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown, 544 U.S. at 134; Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), cert. denied, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 120 S. Ct. at 1520). The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18. Depending upon the legal principle at issue, there can be a range of reasonable applications. Yarborough v. Alvarado, 541 U.S. 652, 663-64 (2004). Thus, the state court's decision is not subject to federal review *de novo*; rather, § 2254(d)(1) relief is only available upon a showing that the state court decision meets the "objectively unreasonable" standard. Id. at 665-66.

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). Where the credibility of a witness is at issue, relief may only be granted if it was unreasonable, in light of the evidence presented, for the state court to credit the testimony of the witness in question. Rice v. Collins, 546 U.S. 333, 338 (2006). Additionally, a factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Miller-El v. Dretke, 545 U.S. 231, 240 (2005); Henderson, 353 F.3d at 890-91. This statutory presumption of correctness, however, "applies only to findings of fact made by the state court, not to mixed determinations of law and fact." Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001) (citation omitted). An ineffective assistance of counsel claim is a mixed question of law and fact; therefore, the presumption does not apply and such claims are reviewed *de novo*. Rolling v. Crosby, 438 F.3d 1296, 1299 (11th Cir.), cert. denied sub nom. Rolling v. McDonough, 126 S. Ct. 2943 (2006).

### IV. Analysis

This Court has reviewed the record and concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007).

Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 127 S. Ct. at 1940; Turner v. Crosby, 339 F.3d 1247.

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. Newland, 527 F.3d at 1184. In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688. Petitioner bears a heavy

burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006), cert. denied sub nom. Jones v. Allen, 127 S. Ct. 619 (2006).

A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. Id. A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir.), cert. denied sub nom. Ladd v. Burton, 493 U.S. 842 (1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)). The Strickland standard also applies to claim involving ineffective assistance of appellate counsel, as alleged

in the case *sub judice*. <u>Philmore v. McNeil</u>, 575 F.3d 1251, 1264-65 (11th Cir. 2009).

Here, Petitioner argues that appellate counsel rendered ineffective assistance on direct appeal by failing to raise a claim of trial court error in the jury instructions. Petition at 5. Specifically, Petitioner submits that the trial court committed a fundamental error when the court improperly instructed the jury as to self-defense by including a forcible felony instruction, thereby effectively negating Petitioner's ability to rely on the self-defense claim. <u>See</u> <u>generally</u> <u>id.</u> at 5-7.

Respondent, *inter alia*, points out that the appellate court denied Petitioner's state petition raising this claim. Response at 10-11. Respondent argues that the record shows the claim was without merit and that appellate counsel capably advocated on Petitioner's behalf and filed a "well-argued" brief. <u>Id.</u> at 11.

The record evidence presented at trial consisted of the following testimony, including eyewitnesses:

> Tacarra Ward testified that she was in the passenger seat of the vehicle driven by Angelique Mendoza. Demetria was in the back seat, on the driver's side. [Petitioner] was standing on the driver's side of the vehicle, on the path. He had a brick in each hand. As they stopped at the stop sign, she saw a brick go through the back window. Angelique stopped the car, and the brick was in the front seat. [Petitioner] came up to the car, holding another brick. He had words with Angelique, Angelique rolled up her window, and she put the car in reverse and pulled into her grandmother's driveway. Angelique never tried to run Petitioner over.

> Angelique Mendoza testified [Petitioner] had bricks in both his hands, and he threw one into her back windshield when she stopped at the stop sign. Then he came up to the side of the car with another brick. She put her car in reverse and went back to her grandmother's house. She did not try to run him over.
>
> Deputy Chester Hinton testified he spoke to [Petitioner] who admitted he threw a rock at the car. However he initially claimed the car was going forward, trying to run him over. When the officer questioned [Petitioner] further, he changed his story and claimed the car was trying to **back** over him.

Exh. 18 at 5-6 (emphasis in original). Petitioner did not testify at the trial. See generally Exh. 10.[2]

At the conclusion of the closing arguments, the trial court instructed the jury as follows:

> It is a defense to the offense with which Jeremy Grant was charged if the injury to the victims resulted from the justifiable use of force not likely to cause death or great bodily harm. Jeremy Grant would be justified in using force not likely to cause death or great bodily harm against the victims if the following two facts are proved. One, Jeremy Grant must have reasonably believed that such conduct was necessary to defense himself against the victim's imminent use of *lawful* force against the defendant; and, two, the use of unlawful force by the victim must have appeared to Jeremy Grant ready to take place. The use of force not likely to cause death or great bodily harm is not justifiable if you find Jeremy Grant was attempting to commit[,] or committing[,] or escaping after the commission of throwing a deadly missile[;] or [,] Jeremy Grant initially provoked the use of force against himself[,] unless the force asserted toward the defendant was so great that he reasonably believed that he was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger other than using force not likely cause death or great bodily harm to the victims and in good

---

[2]Exhibit 10 contains various documents, including an excerpt of the closing arguments at trial, which is bates-stamped, and the entire record of trial, which is not bates-stamped.

> faith the defendant withdrew from physical contact with
> the victims and indicated clearly to them that he wanted
> to withdraw and stop the use of force not likely to cause
> death or great bodily harm, but the victims continued or
> resumed the use of that force.  In deciding whether the
> defendant was justified in the use of force not likely to
> cause death or great bodily harm you must judge him by
> the circumstances by which he was surrounded at the time
> the force was used.  The danger facing the defendant need
> not have been actual.  However, to justify the use of
> force not likely to cause death or great bodily harm[,]
> the appearance of danger must have been so real that a
> reasonably cautious and prudent person under the same
> circumstances would have believed that the danger could
> be avoided only through the use of that force.  Based
> upon appearances the defendant must have actually
> believed that the danger was real.  In considering the
> issue of self-defense you may take into account the
> relative physical abilities and capacities of the
> defendant and the victim.  If in your consideration of
> the issue of self-defense you have a reasonable doubt on
> the question of whether or not the defendant was
> justified in the use of force not likely to cause death
> or great bodily harm, you should find the defendant not
> guilty. However, if from the evidence you are convinced
> that the defendant was not justified in the use of force
> not likely to cause death or great bodily harm, then you
> should find him guilty if all the elements of the charge
> have been proven.

Exh. 14 at 2-3 (citing trial transcript 54-56)(emphasis in original). There was no objection to this instruction.

Ineffective assistance of counsel based on counsel's failure to challenge an incorrect jury instruction is a constitutional claim which is cognizable in a § 2254 proceeding. <u>Alvord v. Wainwright</u>, 725 F.2d 1282, 1291 (11th Cir. 1984). Although not preserved for appeal by an objection, under Florida law appellate counsel could have raised the claim concerning the jury instruction on direct appeal if the error amounted to a fundamental error. <u>See</u> <u>Parker v. Sec'y Dep't of Corr.</u>, 331 F.3d 764, 772-773 (11th Cir.

-13-

2003)(other citations omitted)(stating that "a jury instruction can be challenged even absent a contemporaneous objection at trial if the error was a fundamental error."). However, "[i]t is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in trial court." Parker v. Sec'y Dep't of Corr., 331 F.3d 764, 779 (11th Cir. 2003) (quoting Henderson v. Kibbe, 431 U.S. 145, 154 (1977)).

The postconviction court analyzed Petitioner's jury instruction claim in Petitioner's Rule 3.850 hearing and found the claim was without merit. Specifically, Petitioner claimed that *trial* counsel rendered ineffective assistance for failing to object when the judge read the instruction to the jury. In its order denying Petitioner's Rule 3.850 motion, the postconviction court noted that Petitioner was correct in asserting that the trial court deviated from the standard jury instruction because the jury was informed that "Defendant must have reasonably believed that his conduct was necessary to defend himself against the victim's imminent use of *lawful*, rather than *unlawful*, force."[3] Exh. 15. Nevertheless, the postconviction court found the omission to be inconsequential and any resultant error to be harmless, given the

---

[3]In the Rule 3.850 motion, Petitioner claimed *trial* counsel rendered ineffective assistance by not objecting to the purported erroneous jury instruction. See Exh. 15 at 3. Specifically, Petitioner alleged that the jury instruction, as read at trial, was misleading and confusing to the jury and virtually negated his only defense. Id.

overall circumstances and the fact that the complete written instructions were sent to the jury room for deliberations.  Id. Applying Strickland, the Rule 3.850 court denied Petitioner's ineffective assistance of trial counsel claim.

Petitioner first raised the claim *sub judice* before the appellate court by filing a state petition for writ of habeas corpus, which the appellate court construed as a petition alleging ineffective assistance of appellate counsel.  Exhs. 16, 17.  The State filed a response brief, distinguishing a case Petitioner relief upon, Bates v. State, 883 So. 2d 907 (Fla. 2d DCA 2004).[4] Exh. 18 at 4.  The State further argued that appellate counsel did not render ineffective assistance because "[i]t would have been futile for appellate counsel to ply reversible error based on claims that were not supported by the evidence and not preserved at trial."  Id. at 9.  Additionally, the State argued that counsel cannot be deemed deficient for failing to raise a meritless issue. Id.  The appellate court denied Petitioner relief on the claim.

Based on a review of the record, the Court finds Petitioner's argument that appellate counsel rendered ineffective assistance by failing to raise a claim of fundamental error where the trial court improperly instructed the jury as to self-defense by including forcible felony instruction that negated the Petitioner's ability

---

[4]Although the Bates decision was decided after Petitioner's judgment became final, the appellate court had the opportunity to rule on Petitioner's claim in light of the Bates decision.

-15-

to rely on the self-defense claim is without merit. The Court does not find that the State courts' decisions were contrary to, or an unreasonable application of, Strickland. Even if this Court were to assume *arguendo* that appellate counsel rendered deficient performance for failure to raise Petitioner's claim on direct appeal, Petitioner cannot establish that the outcome of the case would have been different but for appellate counsel's error, i.e. the prejudice prong under Strickland. The overwhelming record evidence supports Petitioner's conviction. Consequently, Petitioner is denied relief on his sole ground.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED** with prejudice.

2. The Clerk of Court shall: (1) terminate any pending motions; (2) enter judgment accordingly; and (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___21st___ day of September, 2009.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record